UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 25-10037-RGS

UNITED STATES OF AMERICA

v.

DAVID SMERLING

ORDER REVOKING PRETRIAL RELEASE

May 21, 2025

Boal, M.J.

Defendant David Smerling is charged in a petition with violating his conditions of pretrial release. For the reasons detailed below, I revoke Smerling's release and order him detained.

I.   PROCEDURAL BACKGROUND

Smerling is charged in an indictment with wire fraud in violation of 18 U.S.C. § 1343 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The government alleges, among other things, that Smerling embezzled more than $2.5 million from three companies by, for example, using company funds to pay for personal expenses and making unauthorized transfers from the companies to bank accounts in his name.

An initial appearance was held on January 14, 2025.[1] At that time, the defendant was released on conditions, including that he not violate any federal, state, or local law while on release and that he not engage in an occupation, business or profession that would provide him access to other's monetary accounts or financial information. The government specifically

---

[1] At that time, he was charged in a complaint with wire fraud only.

1

raised the concern that Smerling had a financial power of attorney for the accounts of a relative of his wife ("Victim C") who has dementia. He was therefore ordered to transition the financial management of Victim C to another person within two weeks.

On January 30, 2025, Smerling filed a motion to modify his conditions of release to allow him to travel to Mexico for a family vacation. Docket No. 19. Smerling represented that his "share of the vacation costs are covered by my wife from her independent earnings at several part-time jobs." Docket No. 19-2 at 2. This Court denied the motion. Docket No. 22.

On May 8, 2025, the government filed a motion to revoke Smerling's pretrial release. Docket No. 38. In addition, the Probation Office filed a petition seeking issuance of a summons. Docket No. 40. This Court held a hearing pursuant to 18 U.S.C. § 3148 on May 15, 2025. The government called FBI Special Agent Gregory Gerber and introduced 15 exhibits into evidence. Defense counsel cross-examined Special Agent Gerber.

II.    FACTUAL BACKGROUND

The government alleges that, during the two weeks in which Smerling was to transition his financial power of attorney for his relative to someone else, he embezzled substantial sums from her accounts and has remained the power of attorney on her financial accounts. At the hearing, the government presented evidence that on or about January 23, 2025, Smerling transferred $23,360 from Victim C's investment account at Raymond James Financial to Victim C's checking account at the Institution for Savings. Between January 23, 2025 and January 27, 2025, Smerling transferred approximately $20,000 from Victim C's checking account to accounts in Smerling's name at Santander Bank and Enterprise Bank. Following these transactions, Smerling either transferred a corresponding amount to an account in the name of his wife at Citizens Bank or purchased official bank checks which were deposited into the Citizens

Bank account in the name of his wife. It appears that Smerling and his wife pay for their living expenses from this Citizens Bank account. In the two weeks following his arrest and release on conditions, Smerling transferred approximately $29,000 from Victim C's accounts to accounts he controlled. This amount was in excess of Victim C's routine expenses, such as a home health aide, insurance, and utilities, which Smerling paid directly from Victim C's accounts.

In addition, records from Raymond James show that Smerling continues to act as the power of attorney in control of Victim C's investment account, including in phone calls through February 2025 and an email to a Raymond James representative on or about March 10, 2025. Further, Smerling remains the trustee of a trust set up for the benefit of a fourth alleged victim ("Victim D"), another relative of his wife who has special needs.

III.     ANALYSIS

Pursuant to 18 U.S.C. § 3148(a), a person who has violated a condition of his pretrial release is subject to a revocation of release, an order of detention, and a prosecution for contempt of court. 18 U.S.C. § 3148(a). The court shall enter an order of revocation and detention if, after a hearing, the court finds that (1) there is "probable cause to believe that a person has committed a Federal, State or local crime while on release" or "clear and convincing evidence that the person has violated any other condition of release;" and (2) "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

Based on the evidence presented, this Court finds there is clear and convincing evidence that Smerling violated his condition of release not to engage in an occupation, business, or profession that would provide him with access to other's monetary accounts or financial

3

information when he continued to act as Victim C's power of attorney through March 2025 and by remaining the trustee of Victim D's trust as of April 30, 2025. This Court also finds that there is probable cause to believe that, while on release, Smerling committed a Federal and/or State crime. Specifically, there is probable cause to believe that Smerling committed wire fraud in violation of 18 U.S.C. § 1343 and/or larceny by embezzlement in violation of M.G.L. c. 266, § 30. Therefore, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

Smerling has not presented any evidence to rebut the presumption. In addition, Smerling's violations of his conditions of pretrial release shortly after his arrest and release on conditions persuade this Court that he is either unwilling or unable to comply with his conditions of release. Moreover, based on the evidence presented at the hearing, it appears that Smerling misled his attorney and this Court regarding the source of funds for his Mexico trip.

Accordingly, pursuant to 18 U.S.C. § 3148(b)(2), I find by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the safety of the community and that Smerling is unlikely to abide by any condition or combination of conditions of release, and revoke his pretrial release. Smerling must surrender to the United States Marshals Service at the John Joseph Moakley United States Courthouse by noon on Friday, May 23, 2025.

IV.     ORDER

Accordingly, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) David Smerling be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) David Smerling be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which David Smerling is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

                                              /s/ Jennifer C. Boal
                                              JENNIFER C. BOAL
                                              United States Magistrate Judge